# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2012

Lyle W. Cayce
Clerk

No. 11-50186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER CASTANEDA-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2466-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Javier Castaneda-Castillo appeals the sentences imposed following his guilty plea convictions for bulk cash smuggling and document fraud.  He contends that he was a minor participant in the criminal activity and that the district court clearly erred in refusing to grant a two-level adjustment under U.S.S.G. § 3B1.2(b).

The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to a mitigating role adjustment under § 3B1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50186

*United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). "[Section] 3B1.2 only applies when a defendant is 'substantially less culpable than the average participant.'" *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (quoting § 3B1.2, comment. (n.3(A))). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id.* at 204 (internal quotation marks and citation omitted). The district court's denial of an adjustment under § 3B1.2(b) is a factual determination that is reviewed for clear error. *Id.* at 203. "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

The fact that Castaneda-Castillo served only as a courier does not itself entitle him to an adjustment under § 3B1.2(b) as a minor participant. *See United States v. Franklin*, 561 F.3d 398, 407 (5th Cir. 2009). Castaneda-Castillo was aware that his role in the cash smuggling activity was to elude authorities and transport the illicit cash from the United States into Mexico. Given that the operation relied on him to overcome security at the border checkpoint, it was plausible for the district court to find that his role was not merely peripheral to the advancement of the smuggling activity. *See United States v. McElwee*, 646 F.3d 328, 346 (5th Cir. 2011); *Franklin*, 561 F.3d at 407. Thus, the district court did not clearly err in refusing to grant an adjustment under § 3B1.2(b).

AFFIRMED.